M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JACOB DOMINICK JOHNSON,<br><br>                 Defendant. | Case No. 4:06-cr-0016-RRB-TWH<br><br>**MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT AND TO COMPEL EXCULPATORY EVIDENCE AS TO INFORMANT'S CREDIBILITY, MOTIVE, BIAS, AND INTEREST** |

       Defendant, Jacob Dominick Johnson, by and through counsel M. J. Haden, Staff Attorney, moves this court to compel disclosure of the confidential informant and to order the government to produce exculpatory information concerning the informant's general credibility, motive, bias, and interest.  This motion is based on Fed. R. Crim. P. 16 and Mr. Johnson's constitutional rights to due process, to confrontation, to compulsory process, and to the effective assistance of counsel as guaranteed him by the Fifth and Sixth Amendments of the United States Constitution.

**I.     IDENTITY OF INFORMANT MUST BE DISCLOSED**

The government has provided some discovery in his case concerning an alleged drug transaction involving Mr. Johnson. The alleged transaction was accomplished through the use of a confidential informant, who is identified merely as "JLC0-05-07." The confidential informant was directly involved in the alleged transaction and thus is a percipient witness to the events in question.

"Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Mr. Johnson requests immediate performance of the government's obligations under Roviaro, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Not only was the informant a percipient witness, he was the individual who actually consummated the alleged sale. Disclosure of his identity is vital to Mr. Johnson's effective defense to the charge at hand.

**II.    ALL INFORMATION UNDERMINING THE GENERAL CREDIBILITY OF THE INFORMANT MUST BE DISCLOSED**

Evidence which bears upon the general credibility of the informant is relevant and material to Mr. Johnson's guilt or innocence. Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bagley, 473 U.S. 667 (1985).

Various categories of Kyles and Bagley evidence are discussed as follows.

**A.     Prior Inconsistent Statements**

Perhaps the most familiar form of witness impeachment is demonstrating that the witness has made other statements on the same subject which contradict his/her

testimony in court. Fed. R. Evid. 613; 801(d)(1)(A). Such prior inconsistent statements must be disclosed to the defense, however memorialized. <u>Strickler v. Greene</u>, 527 U.S. 263, 273-75, 280-82 (1999); <u>Kyles v. Whitley</u>, 514 U.S. 419, 441-49 & n.13 (1995); <u>Giles v. Maryland</u>, 386 U.S. 66, 77 (1967); <u>United States v. Hanna</u>, 55 F.3d 1456 (9th Cir. 1995). Indeed, even if **not memorialized**, such inconsistent statements must be disclosed. <u>Spicer v. Roxbury Corr. Inst.</u>, 194 F.3d 547 (4th Cir. 1999).

Simple <u>Jencks</u> Act discovery does not cover this request. Prior inconsistent statements could be made to any person, not just formal statements made to police as part of the investigation.

Timely disclosure of such information is obviously crucial. If witness X told witness Y a story different than X told police, and if the government chooses not to call Y as a witness, the defense obviously will require more than the weekend before trial to locate and produce witness Y in anything like a thorough manner sufficient to present the matter in an opening statement delivered Monday morning the following week.

B.     **Conviction, Arrest, Police Contact Information**

Information on convictions, delinquency adjudications, and guilty verdicts of a witness invokes a classic avenue of impeachment, and appears directly within the ambit of Fed. R. Evid. 609. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197, 1202 (9th Cir. 1988); <u>United States v. Alvarez-Lopez</u>, 559 F.2d 1155, 1157 (9th Cir. 1977).

A search of basic law enforcement information data banks and production of any and all so-called "rap sheets" and "contact" records for the witnesses is required. <u>See</u> <u>United States v. Alvarez-Lopez</u>, 559 F.2d 1155 (9th Cir. 1977). Where, as here, "the

3

[prosecution] decides to rely on the testimony of such a witness, it is the [prosecution's] obligation to turn over all information bearing on that witness's credibility. This must include the witness's criminal record, including prison records, and any information therein which bears on credibility." Carriger v. Stewart, 132 F.3d 463, 480 (9th Cir. 1997) (en banc), cert. denied, 523 U.S. 1133 (1998).

### C. Prior False Statements by Witnesses

The defense is entitled to disclosure of all statements made by a witness, whether in this or some other case or investigation, which the witness has acknowledged to be, or which the government has reason to believe are, false. See, e.g., Carriger v. Stewart, 132 F.3d 463, 480 (9th Cir. 1997) (en banc) (failure to disclose prison records showing long history of lying to authorities and blaming others for his own offense; reversal); United States v. Bernal-Obeso, 984 F.2d 331 (9th Cir. 1993) (informant may have lied about his criminal history; vacated and remanded); United States v. Boyd, 55 F.3d 239, 244-46 (7th Cir. 1995) (false sworn denial of using/dealing drugs during pretrial/trial period; new trial affirmed); United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file showed long history of lying to authorities).

### D. Mental Disability, Including Use of Drugs

The accused has the right to attack the credibility of a witness against him, by "showing a defect of capacity in the witness to observe, remember or recount the matters testified about." McCormick, Evidence 533, at 66 (2d ed. 1972). Thus, evidence of addiction or use of drugs occurring at or near the time the witness provides statements or other information to police, prosecutors, or the grand jury is admissible to assist the jury

in determining whether his ability to perceive, remember, and testify are substantially affected by his habit or use.  Accord United States v. Boyd, 55 F.3d 239 (7th Cir. 1995) (incarcerated witnesses using drugs during period of cooperation with prosecution; new trial order affirmed).

Impeachment information also specifically includes evidence of "basic mental trouble" suffered by a witness.  Wiman v. Powell, 293 F.2d 605, 606 (5th Cir. 1961) (granting federal habeas corpus relief); Powell v. Wiman, 287 F.2d 275, 278-79 (5th Cir. 1961).  Thus, the defense is entitled to production of "[a]ny and all scientific or medical, psychiatric or other reports which might tend to reflect on the credibility or competence of any of the prospective witnesses for the State."  Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (granting federal habeas corpus relief).  Accord Greene v. Wainwright, 634 F.2d 272, 275-76 (5th Cir. 1981) (emotional/ mental "trouble").

## III.    MOTIVE, BIAS, AND INTEREST

Improper preclusion or curtailment of defense cross-examination violates the Confrontation Clause.

> We think that a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.

Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986), quoting Davis v. Alaska, 415 U.S. 308, 318 (1974).  Thus, the defendant in a criminal case is constitutionally entitled to disclosure of, and to inquire into, a broad range of prior misconduct by prosecution witnesses, and the relationships between such witnesses and/or government authorities.

The defense is entitled to especially broad disclosure about, and latitude in confronting, witnesses who may themselves have committed or participated in crimes. The defense is also accorded particularly broad disclosure and latitude when cross-examining, informants – witnesses who have cooperation agreements with, or have received immunity, pay or other benefits from, the prosecution.

Half a century ago, the United States Supreme Court considered whether the inherent risk of unreliability in the testimony of such cooperating witnesses justified exclusion of their testimony altogether. In dicta in On Lee v. United States, 343 U.S. 747 (1952), Justice Jackson rejected the exclusionary remedy, endorsing, instead, "broad latitude" on cross-examination and appropriate jury instructions.

The use of informers, accessories, accomplices, false friends, or any of the other betrayals which are "dirty business" may raise serious questions of credibility. To the extent they do, a defendant is entitled to broad latitude to probe credibility by cross-examination, and to have the issues submitted to the jury with careful instructions. On Lee, 343 U.S. 757.[1]

It now is apparent that defense counsel is entitled to broad latitude in cross-examining accomplices, informers, and other "co-operating" witnesses, precisely because of the inherent danger that such witnesses will warp the truth. See, e.g., United States v.

---

[1] A decade later, in Hoffa v. United States, 385 U.S. 293 (1966), the Supreme Court formally accepted the use of informer-type witnesses in federal criminal trials. Although recognizing that such witnesses almost invariably have selfish motives to give false testimony, the Court held that the "established safeguards" of "rigorous cross-examination" and cautionary jury instructions were sufficient. Hoffa, 385 U.S. 311. The Court approved the "wide latitude" afforded defense counsel during his week-long cross-examination of the key informant, which included "matters that are normally excludable," such as decades old criminal charges that never resulted in prosecution. Hoffa, 385 U.S., 311 n.12.

Vargas, 933 F.2d 701, 704 (9th Cir. 1991) ("very wide latitude," including numerous arrests). The Ninth Circuit specifically has emphasized the role that the Brady due process disclosure requirement plays in effectuating such expansive cross-examination at trial.

> These [immunized/informant] witnesses often have a major personal stake in their credibility contest with the defendant. **Full disclosure** of all relevant information concerning their past record and activities through cross-examination and otherwise is indisputably in the interests of justice.

United States v. Brooke, 4 F.3d 1480, 1489 (9th Cir. 1993) (emphasis added). Thus, the prosecution has "the duty as required by Giglio to turn over to the defense in discovery all material information casting a shadow on a government witness's credibility." United States v. Bernal-Obeso, 989 F.2d 331, 334 (9th Cir. 1993) (emphasis in original). Accord United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986).

Where, as here, "the [prosecution] decides to rely on the testimony of such a witness, it is the [prosecution's] obligation to turn over all information bearing on that witness's credibility." Carriger v. Stewart, 132 F.3d 463, 480 (9th Cir. 1997) (en banc), cert. denied, 523 U.S. 1133 (1998). Thus, "stringent discovery rules" play an important part in safeguarding the innocent from false accusations by such suspect witnesses. Bernal-Obeso, 989 F.2d at 335. "The need for disclosure is particularly acute where the government presents witnesses who have been granted immunity from prosecution in exchange for their testimony." Carriger v. Stewart, 132 F.3d, 479 (9th Cir. 1997).

Case law is rife with examples of bias and interest evidence not properly disclosed by the government to an accused from this context. Giglio v. United States, 405 U.S. 150 (1972) (non-prosecution promise, same investigation); Azbill v. Poaue, 534 F.2d 195, 196 (9th Cir. 1976) (avoiding prosecution by other authorities); Brown v. Dugger, 831

F.2d 1547, 1558 (11th Cir. 1986) (discussion with witness about possible no-charging/plea bargain, even if no bargain was made).

In addition to promises or expectations of consideration which might promote a witness's cooperation with the government, the accused is entitled to be advised of any matter which might cause a witness to color his testimony in favor of plaintiff out of fear or interest in self-preservation.  The prosecution must disclose the "stick" as well as the "carrot."  Emmett v. Ricketts, 397 F. Supp. 1025, 1050 (N.D. Fla. 1975).

### IV.   CONCLUSION

Mr. Johnson requests that the government fulfill its obligation to provide impeachment evidence on the informant.  The disclosure of this evidence is required under Brady and Giglio.  Prior arrests, pending indictments, plea agreements, as well as monies or other benefits bestowed upon the informant may all be explored on cross-examination as evidence of bias, motive, or prejudice.  Evidence concerning these areas must be produced to the defense at a reasonable time in advance of trial.  United States v. Shaffer, 789 F.2d 682, 688-91 (9th Cir. 1986).

As the informant in this case may have also operated as an informant in multiple operations, any benefits received by the informant may not have been generated solely by his performance in Mr. Johnson's case.  Therefore, Mr. Johnson seeks notice as to the scope of the informant's performance and the totality of benefits he has realized through his role as a government informant in both this and other cases.

DATED this 5th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on May 5, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan D. Schroder, Esq.

/s/ M. J. Haden