M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB DOMINICK JOHNSON,<br><br>Defendant. | Case No. 4:06-cr-0016-RRB-TWH<br><br>**MOTION TO COMPEL RELEASE OF EVIDENCE FOR DEFENSE INSPECTION** |

Defendant, Jacob Dominick Johnson, by and through counsel M. J. Haden, Staff Attorney, moves this court for an order compelling the government to permit the defendant to have an independent, DEA-certified, forensic lab inspect the drugs allegedly sold by Mr. Johnson, the sole basis for the indictment in this case.  The motion is filed pursuant to Federal Criminal Rule 16(b); Due Process Clause of the Fifth Amendment; and the Confrontation Clause of the Sixth Amendment.  The reasons for Mr. Johnson's need to have the evidence examined are set forth in a separate attached Affidavit of Counsel, which is filed ex parte to protect both privilege and work product.

On May 3, 2006, undersigned counsel contacted Intermountain Forensic Laboratories, Inc., in Portland, Oregon, a DEA-registered laboratory for both analytical and research purposes.  Undersigned counsel set up a proposed contact with the lab in anticipation of the government agreeing to a request for independent testing.  The personnel at Intermountain Laboratories advised that testing, both quantitative and qualitative, would take between two to three weeks.

In a discovery letter of May 5, 2006 [Exhibit A], Mr. Johnson advised the government of his request for independent inspection of the alleged drugs in this case and provided information concerning Intermountain Laboratories.  Since that time, counsel for the government has indicated that the government is not willing to release the substance to the independent lab.

Mr. Johnson's trial currently is scheduled for August 14, 2006, in Fairbanks, Alaska.  This trial date would allow adequate time for the independent inspection to take place.  The government has no pressing need for the drugs during the days leading up to the trial.  As is true with all such mailings of evidence to defense experts, Mr. Johnson would assume the risk of the loss of the evidence in the mail and would waive any resulting chain of custody issues that resulted from sending the evidence outside.

Thus, Mr. Johnson requests that the court issue an order directing the government to release the alleged controlled substance to the certified lab for independent weighing and analysis.

///

///

2

DATED this 1st day of June, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on June 1, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Bryan D. Schroder, Esq.

/s/ M. J. Haden