DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:06-cr-0016-RRB-TWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S OPPOSITION** |
| vs. | ) | **TO DEFENDANT'S MOTION TO** |
| | ) | **COMPEL RELEASE OF** |
| JACOB DOMINICK JOHNSON, | ) | **EVIDENCE** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and opposes Defendant's motion to compel release of evidence.

## I.  RELEASE OF THE ENTIRE AMOUNT OF SEIZED DRUGS INSTEAD OF A SAMPLE

On May 5, 2006, Defense Counsel sent a letter to the Government

requesting specific items in discovery, including testing by an independent lab of the drugs seized in this case. The request stated "I am asking that you make the sample available to be sent to the following DEA approved laboratory...." At a hearing before the court on May 11, 2006, the Government agreed to work with Defense Counsel to allow for the independent testing, based upon the representation in the letter that Defense Counsel was requesting a sample. The Government worked to establish an acceptable protocol for the sampling and testing. This process proved to be complicated for a number of reasons, most importantly that the drugs were tested by the State of Alaska Crime Laboratory, not a DEA laboratory; the drugs remain in the custody of the State; and the Defendant had chosen an independent laboratory outside of the District.

Nonetheless, the Government was working to establish an appropriate protocol, when Defense Counsel stated in a phone call that the Defendant wanted the entire amount of the seized drugs, not a sample, to be sent to the laboratory. The Government refused to consent to that request. The Defendant provides no support in case law for his request.

Sending the entire amount of the seized evidence to a laboratory is an unreasonable request, especially absent some showing that the testing by the State Crime Laboratory might be faulty. It appears that the Defendant's only reason for testing is the unsupported hope that an independent laboratory might reach a different conclusion. Such a hope is not sufficient to require the government to take the risky and onerous steps required to provide the entire amount of drugs for testing at a distant laboratory.

First, If the government were to transport the drugs via a commercial shipper, there is significant risk of loss. The drugs seized during the investigation

U.S. v. Johnson                              2                              4:06-cr-00016

are a key piece of evidence for the Government, and it is unreasonable to require the Government to place that evidence at risk.  The Defendant suggests that he would "assume the risk of loss," but it is impossible for the Defendant to assume that risk.  If the drugs were lost, the Government would lose a major piece of evidence at trial.  The government has the right to put on evidence of its choice, including items that give "full evidentiary force."  <u>Old Chief v. U.S.</u>, 519 U.S. 172, 186-189 (1997).  In a significant drug case, one of the most powerful pieces of evidence are the drugs themselves.  The Government should not be required to risk losing such evidence.  Moreover, the jury would expect to see drug evidence in this case, and may hold it against the Government if the evidence is not provided.

Second, it would be equally unreasonable to require the Government to transport the drugs to the independent laboratory.  It is not an appropriate use of Government funds, and the time of a Government agent, to transport the drugs without evidence that the original testing was faulty.  Transporting the drugs from Fairbanks to the independent laboratory in Portland, Oregon would require a day of travel each way, a number of days in Portland while the agent maintains appropriate custody during the testing, and the costs that go with such a process, which would certainly be thousands of dollars.

Federal Rule of Criminal Procedure 16(a)(1)(E) allows a defendant to "inspect and to copy or photograph... tangible objects...."  While some courts have agreed that providing a sample of drugs for testing is appropriate, <u>U.S. v. Noel</u>, 708 F.Supp. 177, 178 (W.D. Tenn. 1989), the Defendant has provided no support that the Government should be required to ship the entire amount of seized drugs to an out-of-District laboratory.

Asking the Government to risk the loss of an entire key piece of evidence,

absent any indication of abnormality is unreasonable. <u>U.S. v. Terry</u>, 702 F.2d 299, 313 (2d Cir. 1983).  Without such an indication, the Government's offer to provide an appropriate sample is the reasonable response to the Defendant's request.

## II.    EX PARTE MEMORANDUM

In support of his Motion to Compel Release of Evidence, Defendant also filed an ex parte Affidavit at Docket 24.  The Government is at an extreme disadvantage in responding to Defendant's motion without seeing the underlying basis of the motion. The Defendant has chosen to put the matter of testing the drugs at issue in this case, and it is not appropriate to invoke the confidentiality privilege and work product doctrine to hide evidence from the Government. Certain issues are specifically authorized for ex parte communications, such as applications for a search warrant, or are appropriate for such communications, such as issues about the relationship between counsel and client.  However, if the Defendant places a matter at issue, he should not be able to hide behind privilege to put the Government at a disadvantage in an adversarial process.  The Government requests that the court provide a copy of the ex parte Affidavit to the Government, along with an appropriate opportunity to address the issues raised in the document, or rule on the Defendant's motion without consideration of the Affidavit.

The appropriate way to accomplish the Defendant's request to have the drugs in this case tested is to provide an appropriate sample under an agreed

//

//

//

//

protocol. The Government remains willing to meet that request.

RESPECTFULLY SUBMITTED this 8th  day of June, 2006, at Fairbanks, Alaska.

DEBORAH M. SMITH
United States Attorney

s/Bryan Schroder
BRYAN  SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov
WA #21146

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 8, 2006,
a copy of the foregoing **GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL RELEASE OF EVIDENCE,**
was served, via Electronic Filing, on:

M.J. Haden

s/Bryan Schroder