M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB DOMINICK JOHNSON,<br><br>Defendant. | Case No. 4:06-cr-0016-RRB-TWH<br><br>**SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL GOVERNMENT TO RELEASE EVIDENCE FOR INDEPENDENT TESTING** |

Defendant, Jacob Dominick Johnson, by and through counsel M. J. Haden, Staff Attorney, hereby submits the following supplemental authority in support of his motion to compel the government to release evidence for independent testing.

Federal Rule of Criminal Procedure 16(a)(1)(E) provides in pertinent part that:

. . . Upon request of the defendant the government shall permit the defendant to inspect . . . tangible objects, . . . if the item is within the government's possession, custody, or control and:  (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Here there is no question that the alleged drugs in this case qualifies as a "tangible object" in possession, custody or control of the government.  Mr. Johnson has made a timely

request for inspection.  There is no question that the type and weight of the alleged drugs are material to the preparation of Mr. Johnson's case.  There is no question that the government intends to use the alleged drugs as evidence in their case-in-chief. (Government Opposition, p. 3)  Also, it is the government's theory that the alleged drugs were obtained from the defendant.[1]

Mr. Johnson's request falls squarely under the requirements of Rule 16.  As the government must prove both that the substance is a controlled substance and that the substance weighed 50 grams or more as alleged in the indictment, the request is material to Mr. Johnson's defense.

Mr. Johnson's request is not unreasonable.  Mr. Johnson has submitted a timely request.  The testing and re-weigh should take approximately three weeks.  The trial date currently is scheduled for August 14, 2006.  There is ample time.  The government will suffer no prejudice resulting from the absence of the alleged drugs during this time, as the government has no use for the alleged drugs during this time period.

Mr. Johnson has provided the government with the name, address and DEA License Numbers of the lab that he intends to use.  Mr. Johnson is prepared to offer evidence that this lab has received drug evidence for re-weighing from the Alaska State

---

[1]  Although the government suggest that Mr. Johnson must first demonstrate materiality and reasonableness before disclosure is required, this requirement is no longer necessary.  The 1974 amendment of Fed. R. Crim. P. 16 obviated the need for the defendant to demonstrate materiality and reasonableness.  While the old rule required a showing of materiality to the preparation of the defense and a showing that the request was reasonable, the new rule requires only that one of three situations exists: (a) the defendant shows that the object is material to the defense, (b) the government intends to use the object in its presentation of its case in chief, or (c) the object was obtained from or belongs to the defendant.  Fed. R. Crim. P. 16 advisory committee's note.

Troopers in the past. <u>See</u> Attachment A (Affidavit from Federal Defender Investigator Bruce Johnson). In fact, Intermountain Labs currently is in receipt of drug evidence from the state of Alaska at the current time. One instance involves the re-weighing of drug evidence, thus requiring that the entire seized amount be sent. Attachment A.

The re-weighing of seized drugs is not an uncommon occurrence. The extent of Mr. Johnson's fundamental rights should not hinge on whether he resides in a large metropolitan city where re-weighing could take place without the use of the mail or private courier to transport the seized evidence. The government's concern that somehow the drugs will be "lost in transit" is disingenuous. The transportation of the drugs to the independent lab would employ the very method used by its own agencies. As there is no DEA lab in the state of Alaska, all drugs seized and analyzed by the DEA lab must be sent out of state. The government fails to explain why sending the evidence to an independent lab is any less safe than parcels sent between the field officers here in Alaska and the DEA lab in the Lower 48. Or for that matter, evidence sent between law enforcement in Fairbanks and the state lab in Anchorage.

The government is now advocating for the defense expert to witness the re-weighing of the drugs at the state crime lab in Anchorage. The alleged drugs are currently in the custody of the Alaska State Troopers in Fairbanks. This would require that the evidence be transported to Anchorage and then returned to Fairbanks prior to trial. This would more than likely be done through the use of a private courier service such as Federal Express, UPS or DHL. Mr. Johnson fails to see in logic as to why the government would consider moving the package from Fairbanks to Portland is somehow more risky than moving it from Fairbanks to Anchorage. The government's concern is even more

3

unfounded given the fact that Intermountain Lab reports that it has never lost any evidence. Attachment A.  Furthermore, the cost of bringing an expert from out of state would be five-fold the cost of sending the alleged drugs out to the independent lab.

The failure to provide reasonably available material that might be helpful to the defense which does not pose any risk to witnesses or to ongoing investigations is contrary to the requirement of due process.  The very few courts that have ruled on this issue have found that the inspection of drugs by a defendant is discoverable under Rule 16.  The refusal to grant a defendant's motion has been held to be reversible error. See United States v. Butler, 988 F.2d 537 (5th Cir. 1993) (refusal to grant defendant's motion to compel government to produce samples of substance alleged to be cocaine base so that defendant could conduct independent chemical analysis was error); United States v. Noel, 708 F. Supp. 177 (W.D. Tenn. 1989) (pursuant to Criminal Procedure Rule 16, defendants charged with unlawful possession with intent to distribute cocaine were entitled to a sample of the alleged controlled substance for independent testing); United States v. Reid, 43 F.R.D. 520 (N.D. Ill. 1967) (defendant permitted to inspect drugs); United States v. Lopez, 26 F.R.D. 174 (S.D.N.Y., 1960) (motion to inspect narcotics granted); United States v. Tirado, 25 F.R.D. 270 (S.D.N.Y., 1958) (defendant permitted to access to perform independent analysis of narcotics).

Mr. Johnson is facing, as the very least, a 10 year mandatory minimum sentence based on the fact that the alleged transaction in this case involved over 50 grams of crack.  The state lab has assessed the weight at 50.6 grams.  A mere .6 of a gram doubles Mr. Johnson's exposure.  Fundamental fairness requires this court to grant Mr. Johnson's request for independent testing.   For this court to deny access for

4

independent testing and re-weighting would be a complete and utter denial of due process of law and a denial of Mr. Johnson's Sixth Amendment right to confrontation.

DATED this 12th day of June, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on June 12, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Bryan D. Schroder, Esq.

/s/ M. J. Haden