M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>JACOB DOMINICK JOHNSON,<br><br>            Defendant. | Case No. 4:06-cr-0016-RRB-TWH<br><br>**AFFIDAVIT OF BRUCE JOHNSON** |

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

      Bruce Johnson, being first duly sworn upon oath, deposes and states:

      1.    I am an investigator with the Federal Defender Office for the District of Alaska.  I have been employed in this position since May 2004.  Prior to May 2004, I worked as an investigator with the Alaska Public Defender Agency in Palmer, Alaska.  I worked as an investigator with the Alaska Public Defender Agency for approximately nine years.

EXHIBIT A

2. Part of my duties as an investigator was to arrange for evidence to be shipped to independent forensic laboratories for analysis. I personally have arranged to have firearms, drugs, clothing, and biological evidence shipped to independent laboratories out of Alaska for testing.

3. I am not aware of any independent DEA-certified independent forensic laboratories in Alaska.

4. On several occasions, I shipped drug evidence to Intermountain Forensic Laboratory in Portland, Oregon, while working for the Alaska Public Defender Agency.

5. Intermountain Forensic Laboratory in Portland is DEA-certified.

6. In the past, I have sent drug evidence to Intermountain Forensic Laboratories for re-weighs. I arranged to have the drug evidence shipped through the State of Alaska, District Attorney's Office. The District Attorney authorized the drug evidence shipped via mail to Intermountain Forensic Laboratories. The State Crime Lab packaged up the drug evidence and either shipped it directly to our lab, or sent it back to the investigating agency (usually the Alaska State Troopers), and that agency would send the drug evidence through the mail directly to the Intermountain Forensic Laboratory.

7. After the re-weigh was completed, technicians at Intermountain Forensic Laboratory re-packaged the drug evidence and returned it to the agency that sent it to them (either the Alaska State Troopers or the State Crime Lab).

*United States v. Jacob Johnson*
Case No. 4:06-cr-0016-RRB-TWH
AFFIDAVIT OF BRUCE JOHNSON, June 12, 2006 – Page 2 of 4

EXHIBIT A

8. Drug evidence was shipped directly between the State agency safekeeping the drug evidence and Intermountain Forensic Laboratory to insure the chain of custody remained intact.

9. On June 7, 2006, I spoke with Rebecca Gill, a forensic scientist with Intermountain Forensic Laboratory. Ms. Gill told me that in the last 12 months, Intermountain Forensic Laboratory has received two shipments of drug evidence from Alaska for independent testing. One of the shipments was for a drug re-weigh.

10. On June 7, 2006, I spoke with Stephen Palmer of the State Crime Lab. Mr. Palmer told me that if they get a request for independent testing of drugs, they package the evidence and send it to the Agency that seized the evidence. Mr. Palmer told me he was not aware of any policy at the Alaska State Crime Lab that forbids sending drug evidence out of state for independent testing.

11. On June 12, 2006, I again spoke with Rebecca Gill at Intermountain Forensic Laboratory. Ms. Gill told me they receive drug evidence on a regular basis for independent testing from all over the country. A majority of this testing is for re-weighs, thus requiring the entire drug evidence be sent. Ms. Gill stated Intermountain Forensic Laboratory has never lost any drug evidence.

12. Finally, Ms. Gill told me the cost of sending a forensic analyst to Alaska to independently re-weigh the drug evidence in this case would be approximately $2,500. This includes the cost of flying an analyst to Alaska from Portland, Oregon, food, lodging, and the analyst's fee for an entire day.

13. In my 10 years as an investigator with public defender agencies, I have never had to have a forensic analyst fly to Alaska to analyze or test physical evidence, with the exception of an autopsy on a human body and testing of an accident vehicle that could not be shipped through the mail.

14. If the evidence is sent directly to Intermountain Forensic Laboratory via the mail or Federal Express, the cost of re-weighing the evidence drops substantially, to less than $500.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*Bruce Johnson*

SUBSCRIBED and SWORN to before me this 12th day of June, 2006.

STATE OF ALASKA
NOTARY PUBLIC
Lenora L. Roehling
My Commission Expires: March 14, 2007

Notary Public in and for Alaska
My Commission Expires: 3/14/2007