DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB DOMINICK JOHNSON,<br><br>Defendant. | Case No. 4:06-cr-0016-RRB-TWH<br><br>**GOVERNMENT'S REPLY TO DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE MOTION TO COMPEL RELEASE OF EVIDENCE** |

    COMES NOW the United States of America, by and through counsel, and continues to oppose Defendant's motion to compel release of evidence.

    Defendant's supplemental filing on this issue, Docket 30, is primarily argument, with little supplemental authority. Moreover, the cases cited do not support the Defendant's proposition that the Government should be required to

send the entire amount of seized drugs to a private laboratory for new tests. The cases all reflect situations where the defendants were allowed to test samples or inspect the drugs while in Government custody. Throughout this process, the Government has been willing provide such access.

Any appropriate objectives of the Defendant to confirm the identity and quantity of the substance can be accomplished through other, much more reasonable means, such as testing of a sample and re-weighing at the Alaska Crime Laboratory with the Defendant's representatives observing.

## I.   DEFENDANT'S ARGUMENTS

Defendant makes the dual argument that retesting drugs at a private laboratory and re-weighing are "not uncommon" occurrences. However, even if those two suppositions are true, it does not add up requiring the Government to allow the entire seized amount of drugs be shipped out of state for re-weighing and re-testing. The Government has agreed to provide a sample for testing, and to arrange for re-weighing. These two separate functions will accomplish the Defendant's goal, while appropriately protecting the evidence.

The Defendant still provides no substantive reason why the entire amount of drugs seized needs to be sent to an out of state laboratory for re-weighing. The only logistical reason put forth by the Defendant is the cost of bringing an expert to Alaska to observe the re-weighing. However, there is no requirement that the expert come from out of state. There is no need for a DEA registered chemist because the expert will not be responsible for maintaining the drugs. As an observer, their expertise needs to relate to accurately weighing substances in a laboratory, certainly a common skill among chemists, and one that should be

readily available in Alaska.

The anecdotal information provided by the Defendant's investigator is of little value. First, practices within the State system shed minimal light on appropriate conduct in Federal cases. The Defendant has provided no Federal case law, and no anecdotal evidence from within the District that such a request has ever been granted by a Federal court, especially when more reasonable options are available.

Second, the affidavit provides no context or particularity for purported past practices, making it difficult for the Government to address his assurances. In discussions between the Government and State counterparts on this issue, including Assistant District Attorneys in Anchorage and Palmer, and narcotics officers in Fairbanks, the Government was unable to uncover any incidents in Anchorage and Fairbanks of sending the entire amount of drugs for private testing, and it was unclear about any applicable cases in Palmer..

The Defendant also argues that the Government is being disingenuous about its concerns for transporting the entire amount of seized drugs. This is not the case. The Government uses commercial shippers early in the case process. At the outset of a case, the drugs need to be tested by an appropriate laboratory to confirm that they are illegal drugs, and to assure that they are available for use as good evidence at trial. DEA has regional laboratories that provide appropriate testing, quality control, and evidence handling. Not surprisingly, those laboratories cannot be placed in all cities.

Thus, in the early stages of the case, weighing all the factors, the Government is willing to ship the material commercially for the initial testing. The Defendant is asking for a second instance of transport, with no specific

allegation of a problem that necessitates a second, private test.  If the Defendant wants to test and re-weigh the drugs based upon the simple hope that something might come out differently, his wishes can be accommodated by testing a sample and observing a re-weighing at the Alaska Crime Laboratory, a DEA registered analytical laboratory (DEA # PA0166531).  If the court were to order such a re-weighing, the case agent from Fairbanks would attend and transport the drugs personally.

## II.    CASES CITED BY THE DEFENDANT SUPPORT THE GOVERNMENT'S POSITION

Defendant warns the court that refusing to grant their motion is reversible error and cites a number of authorities.  (Docket 30, p. 4).  However, the cases cited by the Defendant indicate that providing a sample meet the requirement of Federal Rule of Criminal Procedure 16.  United States v. Butler, 988 F.2d 537 (5th Cir. 1993) specifically indicates that the reversible error occurred by denying the defendant a sample of the evidence, cocaine base, for independent testing.  Id at 543.  The Defendant also relies on United States v. Noel, 708 F. Supp. 177 (W.D. Tenn. 1989), but the court in Noel specifically ordered the government to "provide a minimum sufficient sample to defense counsel and defendants' expert for analysis" and not the entire quantity of the evidence.  Id at 3-4.  The government has expressed its willingness to allow the Defendant a sample of the evidence for independent testing.

Defendant next cites  United States v. Reid, 43 F.R.D. 520 (N.D. Ill. 1967), United States v. Lopez, 26 F.R.D. 174 (S.D.N.Y., 1960) and United States v. Tirado, 25 F.R.D. 270 (S.D.N.Y., 1958).  Since these cases simply address whether the Defendant should have the opportunity to inspect drug evidence, not

the scope of the inspection, they provide little guidance.  The Government has always been willing to allow the Defendant appropriate inspection of the drugs, but our offers of reasonable inspection have been declined.  Moreover, without being allowed to see defendant's motion filed ex-parte, the government has no way of knowing if there have been any allegations of abnormality and a request to remove the entire sample is unreasonable without such an allegation. U.S. v. Terry, 702 F.2d 299, 313 (2d Cir. 1983).

      RESPECTFULLY SUBMITTED this 14th  day of June, 2006, at Fairbanks, Alaska.

DEBORAH M. SMITH
United States Attorney

s/Bryan Schroder
BRYAN  SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov
WA #21146

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2006,
a copy of the foregoing **GOVERNMENT'S
REPLY TO DEFENDANT'S SUPPLEMENTAL
AUTHORITY IN SUPPORT OF THE MOTION
TO COMPEL RELEASE OF EVIDENCE,**
was served, via Electronic Filing, on:

M.J. Haden

s/Bryan Schroder