NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
(907) 456-0245

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 4:06-cr-00016-RRB |
|---|---|---|
| Plaintiff, | ) ) ) | **PLEA AGREEMENT OF JACOB DOMINICK JOHNSON** |
| vs. | ) ) | |
| JACOB DOMINICK JOHNSON, | ) ) | |
| Defendants. | ) ) | |

I.  **Introduction**

   A.   This document contains the complete plea agreement between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B.  The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement or the guilty plea(s) unless the court declines to be bound by the provisions of this agreement.

C.  Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.  **What the defendant agrees to do**

I, JACOB DOMINICK JOHNSON, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the court will determine whether I have violated the terms of this agreement; the

government's burden will be by a preponderance of the evidence. I agree it will be a breach of this agreement if at any time up to and including the time for imposition of sentence in my case I give false or perjurious information or testimony to or before the United States Probation Office, the United States Attorney, or the United States District Court, in any proceeding or setting.

A. **Charge(s) to which the defendant is pleading guilty and other obligations to which the defendant agrees**

1. I wish to enter a plea of guilty to Count 1 of the Indictment or possession with intent to distribute cocaine base, but to the amount of 47.3 grams, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B).

2. I agree that the sentence will be as follows, which terms I agree to comply with:

    (a) 120 months imprisonment;

    (b) 5 years supervised release.

B. **Elements of the offense(s)**

My attorney has explained the charge(s) to which I am pleading guilty and the elements necessary to establish my guilty plea(s). I understand that in order to sustain a conviction for possession with intent to distribute 5 grams or more of actual methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and(b)(1)(B), as

charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

First, on or about March 15, 2004, the Defendant possessed 5 grams or more of a mixture or substance that contained cocaine base;

Second, the Defendant possessed the mixture or substance containing cocaine base with intent to deliver it to another person;

C.  **Waiver of trial, appellate, and collateral attack rights**

By pleading guilty, I understand that I give up and I agree to waive the following rights:

-- If applicable, the right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a

reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

I understand that pleading guilty acts as a waiver of the right to appeal my conviction. I also understand and agree that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence consistent with its terms, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence including any order of forfeiture. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction(s) and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any

challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

D.  **Withdrawl of Pretrial Motions**

I further understand that by pleading guilty my counsel will withdraw consideration of pretrial motions previously filed.

E.  **Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

F.  **Maximum statutory penalties**

I understand the maximum statutory penalties for distribution of cocaine

base, in violation of 21 U.S.C. §841 (b)(1)(B), include the following for the facts upon which my plea will be entered: 1) 5 to 40 years imprisonment, 2) a $2,000,000 fine, 3) a $100 mandatory special assessment, and 4) a mandatory minimum four-year term of supervised release, with a maximum of 5 years. I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 101 12th Avenue, Rm. 332, Fairbanks, AK 99701.

G.  **Application of the United States Sentencing Guidelines**

I understand the court has discretion to impose any sentence available for the offense(s) of conviction. I understand the court must consult and may rely upon the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I also understand that while the U.S.S.G. are not mandatory and that the court is not bound to impose a sentence recommended by the U.S.S.G., the court may nonetheless find the sentence range based on the U.S.S.G. to be reasonable in my case. The United States and I have reviewed the possible sentencing ranges available under the U.S.S.G. for my case. The parties anticipate that the following guideline calculations will apply to my offense.

> SUMMARY: Count 1
>
> BASE OFFENSE LEVEL § 2D1.1(c)(6) .................... 30
>
> ACCEPTANCE OF RESPONSIBILITY .................... -3
>
> TOTAL OFFENSE LEVEL ............................................. 27
>
> CRIMINAL HISTORY (12 pts) ....................................... V
>
> ***ESTIMATED SENTENCING RANGE***
> ***120-150 months\****
> *\* The statutory mandatory minimum sentence is 60 months.*

### SUPERVISED RELEASE RANGE ... min. 4 years - max. 5 years

H. **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

I. **Factual basis for the plea(s)**

I admit that the charge against me in Count 1 of the Indictment is true and stipulate to the truth of the following factual basis for my plea(s) and that they support my guilty plea(s) in this case:

On November 2, 2005, at approximately 2:25 pm, the defendant met with a Confidential Source (CS) to sell cocaine base. The CS was working with law enforcement officers. The CS had arranged in advance to buy cocaine base from the Defendant. Prior to the meeting, the CS and his vehicle were searched to

confirm that he had no drugs in his control. He was then issued $2800.00 in pre-recorded buy funds. He drove to the Burger King parking lot on Airport Way in Fairbanks.

At the Burger King Parking lot, the CS entered the Defendant's vehicle, a Mitsubishi Endeavor, Alaska Registration plate ERX440. The Defendant was driving the vehicle. In the passenger seat was a woman later identified as the Defendant's wife, Temira Johnson. The Defendant drove around the local area while he and the CS exchanged the $2800.00 in pre-recorded buy funds for cocaine base. The Defendant's vehicle was observed by law enforcement officers at all times from the time the Defendant entered the parking lot, and throughout the period of the exchange.

After the Defendant dropped the CS at his vehicle in the Burger King Parking lot, the CS was followed to the offices of the law enforcement officers. He provided the cocaine base, and was again searched. He stated that the cocaine was provided by the Defendant in return for the $2800.00. The Defendant's wife did not participate in the deal.

After the Defendant left the parking lot, a uniformed officer in a marked law enforcement vehicle attempted to perform a traffic stop on the vehicle. The Defendant sped away at such a high rate of speed that the officer decided to break

off the pursuit for safety purposes. The Defendant's vehicle was found minutes later off the side of the road, stuck in the snow. The Defendant attempted to escape on foot, but was apprehended by the officers.

The cocaine base was weighed on July 20, 2006 at 47.3 grams.

III.    **What the United States agrees to do**

A.    In exchange for the defendant's plea of guilty to Count 1 of the Indictment, at the level of 47.3 grams, the United States agrees not to prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s). Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if the defendant breaches this plea agreement, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

B.    The United States agrees that the sentence will be as follows,:

   (a) 120 months imprisonment;

   (b) 5 years supervised release.

 C. If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion. The United States further agrees that if defendant cooperates as described above the government will not use any statements made by the defendant to increase his sentence under U.S.S.G. §1B1.8.

 D. Consistent with the paragraph above, the United States agrees to recommend a sentence of 120 months confinement. A sentence of 120 months is consistent with the statutory requirements of 18 U.S.C. §841(b)(1)(B) and the applicable provisions of the U.S. Sentencing Guideline range.

IV. **Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D) (7) and (9), this plea agreement is appropriate in that it applies the same sentencing considerations that would otherwise be applicable to the defendant's sentence if the defendant had gone to trial and had been convicted on all counts in the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation.

V. **The defendant's acceptance of the terms of this plea agreement**

By my signature below, I, JACOB DOMINIK JOHNSON, affirm this document contains all of the agreements made between me– with the assistance of my attorney– and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may

impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the court.

I understand the court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Indictment.

DATED: 9-11-06

_Jacob Johnson_ Thank you Jesus
Jacob Dominic Johnson
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 9-15-06

Lance Wells
Attorney for Jacob Dominic Johnson

On behalf of the United States, the following accept Jacob Dominic Johnson's offer to plead guilty under the terms of this plea agreement.

DATED: 9/18/06

BRYAN SCHRODER
Assistant U.S. Attorney

DATED: 9/19/06

NELSON P. COHEN
United States Attorney