Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JACOB JOHNSON, | ) |
| | ) |
| Defendant. | ) |
| _____ | )Case # 4:06-cr-0016-01 RRB |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW DEFENDANT JACOB JOHNSON by and through his attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C. and hereby files his sentencing memorandum to aid the court in structuring an appropriate sentence on behalf of defendant. Currently sentencing is scheduled to take place on December 8, 2006, at the hour of eleven o'clock a.m. in Fairbanks, AK.

**I.   18 U.S.C. §3553 Factors and Impact of Plea Agreement**

Pursuant to 18 U.S.C. §3553, certain factors are to be considered in imposing a sentence:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in ¶(2) of the subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) The need for the sentence imposed

   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) To afford adequate deterrents to criminal conduct;

   (C) To protect the public from further crimes of the defendant; and

   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for –

   (A) Applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines –

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) The need to provide restitution to any victims of the offense.

The Guidelines sentence recommendation, as indicated in the final pre-sentence report, is 188 to 235 months. This is based on a calculated total offense level of 31, and a criminal history category of VI. There is a statutory minimum sentence in this case of 5 years and a maximum of 40 years.

Defendant has entered in to a written plea agreement which calls for a sentence of 120 months of time to be imposed. See page 3 of 16 of Plea Agreement of Jacob Johnson contained within court the file which states in pertinent part as follows:

> I agree that the sentence will be as follows, which terms I agree to comply with:
>
> a) 120 months imprisonment;
>
> b) 5 years supervised release.

See also the plea colloquy placed upon the record during her defendant's change of plea in Fairbanks, AK.

Unfortunately, Mr. Johnson made some improper choices and decisions, and that was to become involved in the

distribution of cocaine base. Mr. Johnson is aware that there are no easy outs to life's problems, and financial difficulties. This, he realizes even more now than in the past, as he has been incarcerated and separated from his wife and family. This conviction has left a lasting impact upon Mr. Johnson, based upon undersigned counsel's numerous meetings with defendant, who believes that Mr. Johnson has a good prospect for rehabilitation especially if he takes advantage of the opportunities afforded to him while in the custody of the BOP.

Counsel believes Mr. Johnson when he states that he will not ever again become involved in illegal drug activity. That this will be the longest period of incarceration ever imposed upon Mr. Johnson and certainly the longest separation he has ever faced being away from his family and friends.

## II. Objections to Draft Presentece Report

The draft presentence report has been prepared and objections timely filed. Said objections are incorporated herein as though fully set forth in their entirety. It is Mr. Johnson's position that he is not a "worst offender," and that his prior state conviction for coercion does not qualify as a "crime of violence". That the court may not simply make this determination via a review of the

4

presence report(s) prepared. That the burden of proof is upon the government to prove this, not the defendant to disprove this allegation. The plea agreement entered in to does not categorize the defendant as a worst offender either, and estimates his criminal history to be that of category V.

### III. DAP Program Request and Monetary Fine

Mr. Johnson asks this court to recommend him to the Bureau of Prisons 500 hour drug abuse program. Mr. Johnson would like to be able to avail himself of any and all opportunities to enter and complete the substance program.

Mr. Johnson does not have the monetary means to pay a fine. As such, Mr. Johnson requests that no monetary fine be imposed. Mr. Johnson is a high school graduate. His primary field of interest is architecture and building design. This is an area that Mr. Johnson would like to become involved in and pursue once he is released.

### IV. State Probation Violations and Request for Concurrent Time

That at the time of the instant federal offense, Mr. Johnson was on state probation in felony case numbers 4FA-S02-4332 Cr. and 4FA-S00-328 Cr. The new federal offense triggered petitions to revoke probation in both matters. See Ex. A.

Since his arrest on or about November 11, 2005, Mr. Johnson has been in state custody. There is also a US Marshal Service detainer in effect as well. Since his incarceration began, he has been credited towards the sentences subsequently imposed on October 24, 2006, for both of the probation revocations related to the above two cases. See Ex. A. In both cases, all remaining suspended time was imposed based upon the defendant's request to flat time the remaining suspended time and rejecting of probation: A four and one half year composite sentence.

This court is being asked to make this period of his federal sentence concurrent with his state sentence, as a concurrent federal term can only begin on the date of sentencing in federal court. See exhibit "A".

A district court's decision to impose consecutive or concurrent sentences is governed by 18 USC §3585 and U.S.S.G. §5G1.3. §3584 states in relevant part:

> (a) … [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. … Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

>   (b) … The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in §3553(a).

§18 USC 3584. U.S.S.G. §5G1.3 reads:

>   (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) … the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
>   (b) If subsection (a) does not apply, the undischarged term of imprisonment resulted from offense(s) have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
>   (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. §U.S.S.G.5G1.3 (Nov. 1, 2001).

Despite the mandatory tenor of Application Note No. 6 ("should be imposed"), the 9th Circuit has held, repeatedly,

that a district court retains discretion to impose a consecutive or concurrent sentence, most recently in <u>United States of America v. Kikuyama</u>, 109 F.3d 536, 537-38 (9th Cir. 1997); see also <u>United States of America v. Wills</u>, 881 F.2d 823, 826 (9th Cir. 1989); <u>United States of America v. Lail</u>, 963 F.2d 263 (9th Cir. 1992); and <u>United States of America v. Pedrioli</u>, 931 F.2d 31 (9th Cir. 1991). A very limited concurrent sentence as set forth above is wholly appropriate, given that the most serious premise for the lengthy probation revocation sentences imposed upon Mr. Johnson in his two Alaska felony matters in the state court was the conduct which resulted in this federal prosecution, and that a lengthy federal sentence will be required by the plea agreement (120 months) and now advisory sentencing guidelines.

Should this court decide to impose a concurrent term of incarcration, the undersigned has been instructed that the Bureau of Prisons requires that that decision to be specifically noted on the written judgment in this case.

### V. Letters of Support From Friends and Family

Counsel for defendant has also included three separate letter received on behalf of the defendant. See Ex. B. for consideration by this court.

8

**VI. Conclusion**

In conclusion, it is respectfully requested that the defendant be sentenced to no more than 120 months of incarceration as pursuant to the terms of the written plea agreement entered in to; that no monetary fine be imposed; that the defendant be recommended to the Bureau of Prisons Drug Abuse Program for inpatient residential treatment, as well as any and all other programs that may assist defendant not only with his drug addiction, reintegration into society, but to also further his educational endeavors as well.

Lastly, that four and one half years of his federal sentence be run concurrently with his state probation revocation sentences imposed as set forth above. That Mr. Johnson would like to serve his state sentence before beginning service upon his federal sentence. This way, Mr. Johnson can be assured that he will receive the concurrent time imposed should the court allow this to occur.

RESPECTFULLY SUBMITTED this 1st day of December 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.


s/Lance C. Wells
Attorneys for Jacob Johnson
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
December 1, 2006, a copy
of the foregoing was served
electronically:

Bryan Schroeder
Asst. U.S. Attorney

By: ____/s/_____
    Lance C. Wells, Esq.

10