NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
(907)456-0245
Fax: (907)456-0577
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:06-cr-00016-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| JACOB DOMINICK JOHNSON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and submits its sentencing memorandum concerning defendant, Jacob Dominick Johnson, as follows:

I.  **Summary of Estimated Guideline Calculations**

The government has no objections to the analysis in the presentence report (PSR).  However, based upon additional research and analysis on Section 4B1.1 of the U.S. Sentencing Guidelines, the Government has concluded that the Defendant does not qualify as a career offender because of insufficient evidence .  In paragraph 31 of the PSR, the Probation/Pretrial Services Officer (PPSO) concludes that the Defendant meets the qualification of U.S.S.G. § 4B1.1 of having two previous convictions for either a crime of violence or a controlled substances offense.  The Government concurs the Defendant's 1999 convictions provides one previous conviction.

However, the Government has concluded that there is insufficient applicable evidence for the court to conclude that the Defendant's 2004 conviction for coercion qualifies as a crime of violence.   The PPSO reviewed the language of Alaska's coercion statute, as well as a recording of the Defendant's plea colloquy, and determined that this instance of coercion should qualify as a crime of violence under U.S.S. G. § 4B1.2.  However, based upon a review of the applicable case law, the Government believes there will be insufficient evidence before the court to determine that the coercion plea qualifies as a crime of violence.

The court is limited in the evidence it can consider to enhance a defendant's sentence based on the nature of previous convictions. U.S. v. Sandoval-Venegas, 292 F.3d 1101, 1106 (9th Cir. 2002). In using the "categorical approach," the court analyzes the language of the offense of conviction to determine whether it qualifies as a crime of violence. The court may also conduct a "modified categorical approach" and look at the facts of the case via certain limited documents. U.S. v. Espinoza-Cano, 456 F.3d 1126, 1131 (9th Cir 2006). Under both approaches, the Government concludes that the court has insufficient evidence to find that the Defendant's conviction for coercion qualifies as a crime of violence under the guidelines.

As to the categorical approach, under Alaska Statute 11.41. 530, a defendant may be found guilty of coercion if they compel another to engage in conduct from which they have a legal right to abstain, or abstain from conduct in which there is a legal right to engage, by instilling a fear that the defendant "will inflict injury on anyone, except under circumstances constituting robbery in any degree, or commit any other crime..." 11.41.530(a)(1) (emphasis added). While there are other ways to coerce cited in this statute the, PPSO appropriately focused on section (a)(1) because of the language related to inflicting injury. This is the only section of the statute related to physical violence. Unfortunately, a defendant can also be

convicted under section (a)(1) for actions other than violence. If the defendant compels action by instilling a fear that they will "commit another crime," specifically a non-violent crime such as an economic crime, the conviction under (a)(1) cannot fairly be categorized as a crime of violence.

As for the modified categorical approach, the only other available evidence in this case that would qualify under Ninth Circuit precedent would be the judgment, and the recording or transcripts from the defendant's plea colloquy. Unfortunately, this evidence does not solidify the question of whether the Defendant's coercion conviction was based upon a threat to inflict injury. The colloquy, which was done after two days of trial, does not include a recitation of the facts. The judge notes that the only section of AS 11.41.530 that applies is section (a)(1), but does not offer further explanation. Thus, the plea colloquy does not provide sufficient evidence that the Defendant's nolo contendere plea to coercion was based on a violent threat.

While the Government does not disagree with the general conclusions of the PPSO, when considering applicable precedent on the limited evidence available to the court to prove that a previous conviction was a crime of violence under U.S.S.G. §§ 4B1.1 and 4B1.2, the Government has concluded that the evidence is insufficient. Thus, the Government believes that the PPSO's Adjusted Offense

Level of 32 should also be the final offense level. After applying the adjustment for acceptance of responsibility, the Total Offense Level should be 29. Thus, the final sentencing range should be 151-188.

## II.   Response to Anticipated Objections

Based upon objections to the PSR, the Government believes that the Defendant will argue that his criminal history category should be V instead of VI, and that he should not receive a 2 level enhancement for reckless endangerment. The Government objects to changing the recommendation of the PPSO, and supports her sound analysis in the PSR, paragraph 29 and paragraphs 48-51, as well as the Addendum to the PSR.

## III.   Government's Recommendation

As the court is aware, there is a plea agreement in this case, in which the parties, based on an anticipated guidelines analysis, determined the likely sentencing range to be 120-150 months. The Government agreed to the low end of the guideline range. Based upon the information provided in the PSR, the Government has concluded that the appropriate guideline range is 151-188 months. The Government believes that sentence within the Guideline range is still appropriate, and there is no applicable reason to go below the range. The Government still recommends the low end of the range at 151 months.

The Defendant has received significant benefits from his agreement to plead guilty, including no objection from the Government to his plea to less than 50 grams of crack cocaine, the re-weighing amount, versus the original laboratory weight of 50.6 grams. At the higher weight, the Defendant could have been found guilty under 21 U.S.C. § 841(b)(1)(A) instead of (b)(1)(B), which has higher levels of imprisonment. Also, the Government chose not to file a notice of previous drug conviction under 21 U.S.C. § 851. Had the Defendant gone to trial, and the Government proven its case, he would have been exposed to a mandatory minimum sentence of 20 years.

While the Defendant has pled guilty to the charges against him, his extensive criminal history, and his involvement is distributing crack cocaine, both call for an extensive period of confinement.

On November 2, 2005, at approximately 2:25 pm, the defendant met with a Confidential Source (CS) to sell cocaine base. The CS was working with law enforcement officers. The CS had arranged in advance to buy cocaine base from the Defendant. Prior to the meeting, the CS and his vehicle were searched to confirm that he had no drugs in his control. He was then issued $2800.00 in pre-recorded buy funds. He drove to the Burger King parking lot on Airport Way in Fairbanks.

At the Burger King Parking lot, the CS entered the Defendant's vehicle, a Mitsubishi Endeavor, Alaska Registration plate ERX440. The Defendant was driving the vehicle. In the passenger seat was a woman later identified as the Defendant's wife, Temira Johnson. The Defendant drove around the local area while he and the CS exchanged the $2800.00 in pre-recorded buy funds for cocaine base. The Defendant's vehicle was observed by law enforcement officers at all times from the time the Defendant entered the parking lot, and throughout the period of the exchange.

After the Defendant dropped the CS at his vehicle in the Burger King Parking lot, the CS was followed to the offices of the law enforcement officers. He provided the cocaine base, and was again searched. He stated that the cocaine was provided by the Defendant in return for the $2800.00. The Defendant's wife did not participate in the deal.

After the Defendant left the parking lot, a uniformed officer in a marked law enforcement vehicle attempted to perform a traffic stop on the vehicle. The Defendant sped away at such a high rate of speed that the officer decided to break off the pursuit for safety purposes. The Defendant's vehicle was found minutes later off the side of the road, stuck in the snow. The Defendant attempted to escape on foot, but was apprehended by the officers.

The crack cocaine was originally weighed by the Alaska Crime Detection Laboratory at 50.6 grams. A number of months later, the cocaine base was re-weighed on July 20, 2006 at 47.3 grams.

The factors identified for the court to consider for sentencing under 18 U.S.C. § 3553(a) include the need for the sentence imposed to reflect the seriousness of the offense, and to afford adequate deterrence to criminal conduct. The use of crack cocaine is one of the most significant problems facing our communities today. As such, stopping this scourge is one the top priorities of the Department of Justice. A significant sentence of imprisonment will send a message to the community, as well as to drug dealers, that the criminal justice system is taking serious actions to address this threat.

The court is also tasked to consider the history and characteristics of the defendant, and the need to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. Considering the extensive criminal history of the defendant over a relatively short period of time, an extensive period of imprisonment is called for to deter him from future criminal conduct, and to protect the public. The Defendant has been consistently violating the laws of the State of Alaska – including laws related to guns and violence – since he was 18 years old, and even before.

The Government believes that a sentence within the applicable Guidelines range is appropriate, and recommends a sentence at the low end of the range, 151 months. The Government also recommends 5 years of supervised release. This sentence protects the citizens of the State and provides a just punishment. The government respectfully recommends that the court impose the recommended sentence.

RESPECTFULLY SUBMITTED this 1st day of December, 2006, in Fairbanks, Alaska.

> NELSON P. COHEN
> Acting United States Attorney
>
> s/Bryan Schroder
> BRYAN SCHRODER
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 101 12th Avenue, Room 310
> Fairbanks, Alaska 99701
> Tel.: (907)456-0245
> Email: bryan.schroder@usdoj.gov
> Washington State Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2006,
a copy of the foregoing **GOVERNMENT'S SENTENCING MEMO**, was served,
via Electronic Filing, on:

**Lance Wells,**
Law Offices of Lance Christian Wells, P.C.

s/Bryan Schroder