Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JACOB D. JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 4:06-cr-00016-RRB |

**SUPPLEMENTAL SENTENCING MEMORANDUM**

COMES NOW DEFENDANT JACOB D. JOHNSON by and through his attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C. and hereby files this Supplemental Sentencing Memorandum regarding defendant's state probation violations, and request for concurrent time.

Although the federal courts cannot be compelled to impose a federal sentence concurrently with a state sentence, United States v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999), Congress clearly intended to empower federal courts with the discretion to do so. United States v. Fuentes, 107 F.3d 1515, 1590, 1520 n.6 (11th Cir. 1997). *Accord*, United States v.

Washington, 17 F.3d 230, 234 (8th Cir. 1994). 18 U.S.C. § 3584(a) grants district courts discretion to order that a sentence run concurrently or consecutively to an undischarged sentence. Fuentes, 107 F.3d at 1519.

Section 5G1.3(b) of the now-advisory Federal Sentencing Guidelines requires a federal court to impose a concurrent sentence with any sentence that has been fully taken into account in designating the offense level for the instant offense, including a state offense involving relevant conduct. Fuentes, 107 F.3d at 1520, 1521.

Section 5G1.3(c) of the Federal Sentencing Guidelines also allows a federal court to impose a concurrent, partially concurrent, or consecutive sentence where a defendant is subject to a prior undischarged term of imprisonment in order to achieve a reasonable punishment. Erin D. Goffette, Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of a Defendant Subject to Simultaneous State and Federal Jurisdiction, 37 Val. U. L. Rev. 1035, 1048 (2003). [W]hen a defendant is subject to an undischarged state sentence is subsequently sentenced in federal court, the defendant's aggregate time served (federal plus state) should not exceed the Guideline Advisory Sentence ... unless the state sentence represents additional conduct that is not otherwise accounted for. Fuentes, 107 F.3d at 1524 (internal citations omitted).

It is instructive that in Alaska, "When a state sentence is imposed consecutively to a federal term of imprisonment, the combined length of incarceration must be considered in determining whether the sentence imposed by the Superior Court is excessive." Williams v. State, 759 P.2d 575, 577 (Alaska App. 1988)[citing Neal v. State, 628 P.2d 19, 21 (Alaska 1981)].

As here, if suspended state time on an undischarged state sentence is imposed before a federal court imposes time for the same conduct, then the federal court has discretion to run the federal sentence concurrently with the state sentence, as long as the federal court considers all the relevant state conduct and the length of the state sentence. The Alaska probation revocation sentencing in this matter occurred prior to the upcoming federal sentencing for this drug trafficking crime. Because the relevant conduct must be taken into account, the federal court can properly, and does have the authority to, order the sentences to be concurrent.

It is respectfully requested that defendant's time imposed on his state petitions to revoke probation (two petitions) be run concurrent with the federal sentence imposed in this matter, for a total of 10 years and/or 120 months to serve.

DATED at Anchorage, Alaska, this 26th day of January 2007.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells

>Attorneys for Jacob D. Johnson
>733 W. 4th Ave, Suite 308
>Anchorage, Alaska 99501
>Phone: 907/274-9696
>Fax: 907/277-9859
>E-mail: lwells@gci.net
>AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
January 26, 2007, a copy
of the foregoing was served
electronically:

Bryan Schroeder
Asst. U.S. Attorney