NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
(907)456-0245
Fax: (907)456-0577
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:06-cr-00016-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SUPPLEMENTAL** |
| vs. | ) | **SENTENCING** |
| | ) | **MEMORANDUM** |
| JACOB DOMINICK JOHNSON | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

COMES NOW, the United States of America, by and through undersigned

counsel, and submits its supplemental sentencing memorandum concerning

defendant, Jacob Dominick Johnson, as follows:

I.      **Recommended Sentence**

After considerations of the issues raised by the court in Docket 52, the

Government will recommend a sentence of 120 months, as called for in the plea

agreement.


II.     **The Defendant's State Sentence for Probation Violations Should not be**
        **Served Concurrent with his Federal Sentence.**

Defendant, in a supplemental sentencing memorandum at Docket 63, has

asked that the court order the Defendant's sentence in the instant case be served

concurrently with the sentence remaining in his State of Alaska probation

violation.  The Government opposes the Defendant's requests and asks that the

court order the Federal sentence to be served consecutively with any State

sentence.

The United States Sentencing Guidelines addresses this issue directly in

section 5G1.3(c) and its application notes.  Subsection 5G1.3(a) does not apply

because the Defendant was not serving a term of imprisonment or pending a term

of imprisonment at the time of the instant offense.  He was in a probation status

with the State of Alaska.  Subsection 5G1.3(b) does not apply because the conduct

that was the subject of the state probation was not considered as relevant conduct

in the instant case.  Thus, subsection 5G1.3(c) applies.

When read together, subsection 5G1.3(c) and Application Note 3(c) specifically counsel the court that in cases where federal or state probation, parole, or supervised release is revoked, "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." While the Defendant is correct that the court has discretion to order the sentences to run concurrently, he does not provide appropriate precedent or reasoning for the court to vary from the recommendation of the Federal Sentencing Commission.

The Defendant's state probation has been revoked for 2 separate convictions, a 1999 conviction for assault and misconduct involving a controlled substance, and a 2002 conviction for coercion and assault. Because the Defendant is a repeat drug offender, with additional convictions for violent crimes he has little basis to ask the court to exercise its discretion in contradiction of the Commission's recommendation. Moreover, the Defendant did not serve his full terms in either State sentence. He was sentenced to 6 years in prison in 1999, but was released in 2002, after serving only 2 ½ years. He was sentenced to 5 years in prison in 2004, but was released in 2005, after less than 1 year in prison. Thus, on state sentences totaling 11 years, he has only served approximately 3 ½ years. His sentence on the revocation of probation is only scheduled to continue until

February of 2009, 2 more years.  Allowing him to serve his Federal sentence concurrently would undermine the State's revocation.  In effect, the Defendant would not have to serve any additional time in jail because he violated his state probation.

It is also important to note that these offenses are completely separate from the instant offense.  The offenses occurred in 1999 and 2002.  Moreover, they involved additional, different crimes, specifically violent crimes.  Finally, they were heard and sentenced in State court, not Federal court.  This is a different offense, at a different time, and from a different court.  The Defendant should not get credit in his Federal Sentence for a completely separate state sentence.  This is situation the Commission's comment to U.S.S.G. § 5G1.3(c) was trying to prevent.

Defendant's cited cases are distinguishable, and does not provide applicable precedent in the instant case.  The Defendant cites U.S. v. Fuentes, 107 F.3d 151 as a case where the Defendant's state sentence was treated concurrently with the Federal sentence.  However, Fuentes does not interpret U.S.S.G. § 5G1.3(c), it interprets 5G1.3(b) because the court considered the conduct that was the basis for the state sentence as relevant conduct for U.S.S.G. purposes.  Id. At 1524.  Thus, a concurrent sentence was required.  In this instance, the previous convictions have not been considered as relevant conduct for the Federal sentence. Moreover, the

facts in <u>Fuentes</u> involved an undischarged state sentence, not a situation where the

Defendant was on State probation.  Thus, the instant case, unlike <u>Fuentes</u>, fits

squarely within § 5G1.3(c) and application note 3.

The Defendant has given no appropriate reason for the court to vary from

the recommendation of the Sentencing Commission that the revocation of

probation be served consecutively with a subsequent Federal sentence.  Given his

violent and drug-related history, he does not warrant the court's discretion.  His

Federal sentence should be served consecutively with his state probation

violations.

RESPECTFULLY SUBMITTED this <u>21st</u> day of February, 2007, in

Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

<u>s/Bryan Schroder</u>
BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Tel.:  (907)456-0245
Email: bryan.schroder@usdoj.gov
Washington State Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2007,
a copy of the foregoing **GOVERNMENT'S
SUPPLEMENTAL SENTENCING MEMO**,
was served, via Electronic Filing, on:

**Lance Wells,**
Law Offices of Lance Christian Wells, P.C.


s/Bryan Schroder