M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>JACOB DOMINICK JOHNSON,<br><br>                  Defendant. | Case No. 4:06-cr-0016-RRB-TWH<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE** |

I.     ORIGINAL SENTENCE

On September 22, 2006, Jacob Johnson pleaded guilty pursuant to a written plea agreement to a single count of possession of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B), a Class B felony carrying a mandatory minimum of 5 years imprisonment.

On February 22, 2007, Mr. Johnson appeared before this court for sentencing. The court determined that Mr. Johnson's total adjusted offense level was 29 and that he was in Criminal History Category VI, placing him in a range of 151 to 188

months.[1]   Based on the government's recommendation as agreed to in the plea agreement, the fact that Mr. Johnson had a pending state probation revocation based on the same offense conduct for which he would not receive any credit from the Bureau of Prisons, and an analysis of the factors contained in 18 U.S.C. § 3553, the court sentenced Mr. Johnson to a term of imprisonment of 120 months.

Mr. Johnson is currently incarcerated in Seward, Alaska, serving his state revocation sentence. As he has not yet been in federal custody, he has no proposed release date.

II.  CHANGES IN THE LAW

At the time of Mr. Johnson's sentencing, the guideline for crack cocaine was higher than following the recent amendment. Mr. Johnson pleaded guilty to possession with intent to distribute 47.3 grams of cocaine base. At the time of his sentencing, 47.3 grams of cocaine base amounted to a base offense level of 27, including the 3 level reduction for acceptance of responsibility. An additional 2 levels was added pursuant to U.S.S.G. § 3C1.2 for reckless endangerment, for a total of 29, resulting in a sentencing range of 151 to 188 months. Following the change brought about by the amendment, Mr. Johnson's total adjusted guideline level is now 27, with a sentencing range of 130 to 162.

This court sentenced Mr. Johnson to 120 months, allowing a 31 month variance from the applicable guideline range at the time. Mr. Johnson now seeks a proportionate reduction from the amended guideline range.

---

[1]  Although the PSR writer calculated Mr. Johnson to be a career offender under 4B1.1, the government conceded that there was insufficient applicable evidence for the court to conclude that Mr. Johnson's 2004 conviction for coercion qualified as a crime of violence.

III.    AUTHORIZATION FOR MODIFICATION

This court has jurisdiction to modify Mr. Johnson's sentence under the plain language of 18 U.S.C. § 3582(c), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. Johnson was sentenced in February 2007 based on a guideline range that was lowered by the Sentencing Commission in November 2007. A reduction now is consistent with the policy statements recently issued by the Commission. The Sentencing Commission has determined that ameliorating the disparity between crack and powder cocaine should be made retroactive. See also Kimbrough v. United States, 128 S. Ct. 558, 570-71 (2007), and Gall v. United States, 128 S. Ct. 586, 594 (2007).

The advisory nature of the guidelines applies to all aspects of the sentencing process, including an initial sentencing, appellate review of a sentence, and re-sentencing upon remand. See Clark v. Martinez, 543 U.S. 371, 378 (2005).

IV.    THE CRACK-COCAINE DISPARITY JUSTIFIES SENTENCING REDUCTION

The Supreme Court held that "under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the district court [in Kimbrough] erred in holding the crack/powder disparity mandatory." Id. at 564. As a result, this court is free

to "conclude . . . that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 563.

The Supreme Court's decision in Kimbrough was grounded in the research and recommendations of the United States Sentencing Commission itself, which has acknowledged that the crack/powder disparity in the Guidelines is deeply flawed. Id. at 568 (citing Commission's conclusion in its 2002 report to Congress that the disparity "fails to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act and the 1986 [Anti-Drug Abuse] Act").[2] **Indeed, based on its research, the Commission has recommended at different times that Congress reduce the disparity to 20 to 1, 5 to 1, and as low as 1 to 1**. Id. at 569 (citing Commission's 1995, 1997, and 2002 reports).

Most recently, when it submitted its proposed two-level reduction in the crack Guideline, the Commission recommended that Congress further "substantially" reduce the ratio. Id. at 569 (citing Commission's 2007 report). The Commission recommended further reductions in the ratio because even the amended crack guideline still yields grossly disproportionate sentences. In Kimbrough, the Supreme Court characterized the amendment as "modest," noting that it "now advances a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1" – well above the Commission's

---

[2] Among the flaws in the Guideline are: (1) "the assumptions about the relative harmfulness of the two drugs and the relative prevalence of certain harmful conduct associated with their use and distribution;" "the 'anomalous' result that retail crack dealers get longer sentences than the wholesale drug distributors who supply them the powder cocaine from which their crack is produced;" and "the severe sentences . . . imposed 'primarily upon black offenders.'" Id. at 568.

recommended ratios. Id. at 573. Thus, the Court found, "[t]he amended Guidelines still produce sentencing ranges keyed to the mandatory minimums in the 1986 Act," which it identified as the source of the unwarranted disparity between the crack and powder cocaine Guidelines to begin with. Id. at 569 n.10. Indeed, even the Commission has admitted that the amendment is "'only . . . a partial remedy' for the problems generated by the crack/powder disparity." Id. at 569 (citing Commission's 2007 report). Kimbrough's rationale for varying from the crack guidelines therefore remains even after the new guideline is applied.

V.    RELIEF SOUGHT

Mr. Johnson seeks a reduced sentence. He is entitled to a resentencing under Amendment 706 of the Sentencing Guidelines, which altered the drug quantity table in U.S.S.G. § 2D1.1(c). Pursuant to that amendment, his advisory guideline range should have been two levels lower. At the time of sentencing in February 2007, Mr. Johnson's advisory guideline sentencing range was 151 to 188. This court, based on factors set forth in 18 U.S.C. § 3553, sentenced him to 120 months – a variance. The amended advisory guideline sentencing range is 130 to 162. Mr. Johnson respectfully requests a resentencing and asks that this court reduce his sentence in proportion with the amended range.

///
///
///
///
///

DATED this 5th day of August, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on August 5, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Bryan D. Schroder, Esq.

/s/ M. J. Haden